UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN ERNEST G. OREDSON,

        Plaintiff,

     v.                                        Case No. 05-C-0840

V.A. MEDICAL CENTER, THIRD FLOOR
PSYCHIATRIC INPATIENT UNIT PSYCHIATRIST,
CHIEF OF PSYCHIATRY, L.P.N.'s, and R.N.'s,

        Defendants.

**ORDER**

      Plaintiff Kevin Oredson has brought a medical malpractice action against certain unknown defendants. He has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $250 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

      Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may

be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the Court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that plaintiff has been unemployed since 1983. He receives roughly $10,000 per year in S.S.D.I. and pension. He claims no assets and approximately $8,000 in medical liabilities. Based on plaintiff's affidavit of indigence, the court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915.

The court now turns its attention to the substance of the complaint. Plaintiff's claim is a straightforward one for medical malpractice. He alleges that he was admitted to the V.A. hospital in Milwaukee on February 7, 2004 for suicide ideation. While a patient at the V.A., he suffered a number of falls, resulting in a skull fracture and loss of balance and memory. Plaintiff believes that various unidentified V.A. staff were responsible for his injuries. He seeks compensatory damages from those defendants.

This court could exercise jurisdiction over plaintiff's claim, if at all, only under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80.[1] As a prerequisite to jurisdiction under that statute, however, plaintiff must present his claim to the V.A. for payment. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."); *see also Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972) ("Requirement for an administrative claim to be filed as a prerequisite under the Federal Tort Claims Act . . . is jurisdictional and cannot be waived."). Plaintiff does not allege that he has presented his claim to the V.A. This court therefore lacks jurisdiction over his case, and will

---

[1] The court construes the complaint to allege that the unnamed defendants are employees of the federal government. 28 U.S.C. § 2679(c) requires such employees to tender defense of any action against them to the Attorney General. 28 U.S.C. § 2679(d)(1) provides "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim shall be deemed an action against the United States under the provision of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(b)(1) provides that "[t]he remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."

3

dismiss it without prejudice. Plaintiff must present his claim to the V.A. and obtain an adjudication thereon as a prerequisite to re-filing suit.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

Dated this   17th   day of August, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge